IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROLLSTOCK, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:21-00395-CV-RK<br>) |
| SUPPLYONE, INC., | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's motion to exclude the testimony of Erik Bauer and Neal Sawyers. (Doc. 62.) It is fully briefed. (Docs. 72, 75.) For the reasons below, Defendant's motion to exclude is **GRANTED in part and DENIED in part:**

(1) the motion to exclude is **GRANTED** as to use of the testimony of Erik Bauer and Neal Sawyers in the Court's ruling on the motion for summary judgment,

(2) the motion is **DENIED** as to the use of Erik Bauer and Neal Sawyers as witnesses at trial,

(3) discovery is reopened for the limited purpose of allowing depositions of Erik Bauer and Neal Sawyers, if desired, to be completed by Friday, December 23, 2022, and

(4) the deadline for amending deposition designations and for proposed witness lists as to Erik Bauer and Neal Sawyers only is extended to one week after any depositions of Erik Bauer and Neal Sawyers are completed.

## Background

This case arises out of a contract between Rollstock, Inc. and SupplyOne, Inc. Rollstock manufactures and sells packaging systems. SupplyOne supplies packaging systems to its customers. Under the contract between Rollstock and SupplyOne, SupplyOne purchased an RC-300 Rotary Chamber machine ("machine") from Rollstock. The machine was for a third party called ALL Holding Company, LLC ("ALL" also referred to as "Leidy's") to be installed and used in its pork plant facility. ALL, who was an important customer of SupplyOne, was going to use the machine to vacuum pack pork in bags sold by SupplyOne.

The parties disagree as to (1) which documents embody the terms of the contract, (2) whether Rollstock misrepresented that the machine was new when SupplyOne claims it was in

fact used and ten years old, and (3) whether either party breached the contract—Rollstock by supplying a defective machine it could not repair, or SupplyOne by not making payments owed under the contract.

On June 11, 2021, Rollstock filed its Amended Complaint alleging claims for (I) breach of contract, based on SupplyOne's failing to pay the final 50 percent of the purchase price and for spare parts ordered on open account but for which SupplyOne never paid; and (II) account stated. (Docs. 4, 58 at ¶ 95.) On November 29, 2021, SupplyOne filed a Counterclaim alleging (I) breach of contract for breaching warranties of merchantability and fitness for a particular use; (II) fraudulent omission for selling a used machine as new; and (III) unjust enrichment for providing a used machine that required numerous repairs instead of providing a properly working machine. (Docs. 17, 58 at ¶ 98.)

Rollstock has moved for summary judgment as to Count I of its First Amended Complaint for breach of contract and as to Count I of SupplyOne's Counterclaim for breach of contract. (Doc. 57.) In its suggestions in support, Rollstock also argues SupplyOne's unjust enrichment claim (Count III) is barred by the existence of a contract between the parties and that it is entitled to summary judgment on SupplyOne's fraud claims (Count II). (Doc. 58.)

After the motion for summary judgment was filed, SupplyOne filed this motion to exclude the testimony of Erik Bauer and Neal Sawyers, requesting the Court prohibit them from offering testimony to supply evidence on a motion (including the pending motion for summary judgment), at a hearing, or at trial. (Doc. 62.) Oral arguments on the motion to exclude were held on November 2, 2022. During oral arguments, the parties agreed to confer concerning the possibility of deposing the two witnesses out of time. The parties subsequently contacted the Court and communicated that they were unable to reach an agreement regarding the post-discovery depositions.

**Legal Standard**

Consideration of this motion to exclude implicates Rule 26(a)(1) governing disclosure requirements and Rule 37(c)(1) providing for sanctions for failure to disclose.

Under Rule 26(a)(i), parties are obligated to provide to one another, without the need for a request, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]"

2

Further, Rule 26(e) requires that a party supplement or correct these disclosures "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

If a party fails to disclose, Rule 37.1(c)(1) provides, "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Rule further provides, "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

"A district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case when a party fails to provide information . . . in compliance with Rule 26(a)." *Zick v. Paccar, Inc.*, 47 F.4th 672, 677 (8th Cir. 2022) (internal quotation marks omitted). "In fashioning a remedy, courts should consider the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* "[E]xclusion of evidence is a harsh penalty and should be used sparingly[.]" *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 645 (8th Cir. 2022) (internal quotation marks omitted).

**Discussion**

Defendant SupplyOne argues Plaintiff Rollstock never identified Mr. Bauer as a potential trial witness under Federal Rule of Civil Procedure 26(a)(1)(A)(i) and identified Mr. Sawyers as a potential fact witness under that Rule on the last day of fact discovery—but refused to consent to his deposition being conducted after the last day of discovery. SupplyOne contends there is no justification for Rollstock's untimely disclosure of Mr. Sawyers or its complete failure to disclose Mr. Bauer. SupplyOne asserts it has been harmed by Rollstock's untimely disclosures because it will not be able to take their depositions or otherwise inquire about the bases for their potential trial testimony.

Plaintiff Rollstock argues SupplyOne's motion is untimely, fails to comply with this Court's rules and the Local Court Rules regarding discovery motions, and lacks merit.

3

## I. Timing and Procedural History

On February 16, 2022, Rollstock served initial disclosures under Federal Rule of Civil Procedure 26(a)(1). Those disclosures identified fifteen individual fact witnesses, four of whom Rollstock identified as being affiliated with SupplyOne. Thus, Rollstock identified eleven non-SupplyOne witnesses—one more than SupplyOne could depose under the presumptive ten-deposition limit articulated in Federal Rule of Civil Procedure 30(a)(2)(A)(i). Rollstock did not list Mr. Bauer or Mr. Sawyers among the fifteen witnesses it identified on February 16, 2022.

Fact discovery closed on June 15, 2022. At 3:46 p.m. on June 15, 2022, Rollstock served its first supplemental Rule 26(a)(1)(A)(i) disclosures identifying Mr. Sawyers as a potential witness.

According to SupplyOne, "[c]iting the fact that 'lay witness discovery closed on June 15,' Rollstock has refused to produce Mr. Sawyers for deposition." (Doc. 62 at 2.) According to Rollstock, "SupplyOne asked Rollstock to produce Mr. Sawyers for deposition *after* the close of Discovery[,]" and "[w]hen counsel for Rollstock asked why it should do so when its summary judgment motion was due within days, SupplyOne indicated that it would just subpoena him, and suggested that the burden should be on Rollstock to move to quash."[1] (Doc. 72 at 5-6.) "Thereafter, SupplyOne made no attempt to confer with Rollstock about Mr. Sawyers' deposition[.]" (*Id.* at 6 (emphasis in original).)

The deadline for filing discovery dispute motions was June 22, 2022. (Doc. 53 at 1.)

On July 22, 2022 (37 days after the close of fact discovery), Rollstock conveyed its intent to rely on an unsigned affidavit prepared for Mr. Bauer in support of its motion for summary judgment. (Doc. 58 at 10.) Rollstock identified Mr. Bauer as a potential witness in its August 25, 2022 supplemental Rule 26 disclosure.

Rollstock complains of SupplyOne's (1) untimeliness in filing its motion to exclude, and (2) failure to confer and comply with the Court's discovery dispute protocol. Rollstock argues, in other words, that SupplyOne should have attempted to confer, scheduled with the Court a discovery dispute teleconference, briefed the failure to disclose Mr. Sawyers, and participated in said discovery dispute teleconference within a period of only seven days (June 15-June 22), during which time period Mr. Bauer had still not been disclosed as a potential witness. The Court finds this argument is without merit. As explained by the Eighth Circuit:

---
[1] It appears that SupplyOne has not subpoenaed Mr. Sawyers.

> By its plain language, the requirement that a party confer or attempt to confer with the opposing party applies as a prerequisite to a motion "for an order *compelling disclosure or discovery*." Fed. R. Civ. P. 37(a)(1) (emphasis added). A motion asking the court to enforce the self-executing sanction of exclusion in Rule 37(c)(1) does not seek to compel disclosure or discovery. Seeking to enforce the automatic exclusion of evidence pursuant to Rule 37(c)(1) does not require a party to first confer with the other party about whether the other party's evidence should be excluded. *See Fulmore v. Home Depot, U.S.A., Inc.*, 423 F.Supp.2d 861, 872 (S.D. Ind. 2006) ("Rule 37(c) simply does not require conferral.").

*Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 707 (2018). SupplyOne "did not violate the meet and confer requirement of Rule 37(a)(1) because that requirement does not apply to requests for exclusion of evidence under Rule 37(c)(1)." *Id.*

## II. Substantial Justification or Harmlessness

Rather than justify its delay in disclosing Mr. Sawyers and Mr. Bauer, Rollstock complains that SupplyOne also filed supplemental Rule 26 disclosures on the last day of discovery, "identifying a raft of new documents and a damage calculation different than anything previously disclosed during discovery" to which Rollstock did not object. Rollstock also argues it identified both Mr. Sawyers and Mr. Bauer as witnesses "months before it was obligated to do [so] under the Court's Scheduling Order[,]" which the Court assumes is in reference to witness lists for trial being due three days before the Final Pretrial Conference (i.e., by December 5, 2022).

In sum, Rollstock offers no showing that its failure to disclose Mr. Sawyers and Mr. Bauer in time to permit SupplyOne to conduct discovery "was substantially justified."

Rollstock goes on to characterize any claim that SupplyOne was prejudiced by Rollstock's failure to supplement its Rule 26 disclosures as "ludicrous." Rollstock claims SupplyOne has known about Mr. Sawyers since at least March 9, 2022, when Rollstock identified him in written discovery responses as someone who supplied information to respond to SupplyOne's interrogatories. Rollstock further asserts SupplyOne likely knew of Mr. Sawyers even before it received those discovery responses because it produced a statement from its own witness (Todd Shaner), referring to a discussion that he allegedly had with Mr. Sawyers. Rollstock claims SupplyOne knew of Mr. Bauer's existence and knowledge of the facts surrounding this dispute for months before Rollstock formally disclosed him as a witness. Rollstock argues at least eight deponents mentioned him by name—and he was named at least 67 times during those depositions.

5

Rollstock contends numerous records exchanged by the parties—including at least 22 deposition exhibits—identified him by name.

In *Vanderberg*, the Eighth Circuit rejected similar arguments. 906 F.3d at 704. The *Vanderberg* court considered the notion that the movant "should have figured out" that the party failing to timely disclose the witnesses would rely on those witnesses to provide testimony:

> witness disclosure requirements would be rendered meaningless if a party could ignore them and then claim that the nondisclosure was harmless because the other party should have read between the lines. Moreover, parties . . . are entitled to presume that opposing parties will comply with the Rules of Civil Procedure and that [witnesses] will be properly disclosed in accordance with the rules.

*Id.* (finding the district court's conclusion that movant was prejudiced by the late disclosure was well-founded where a motion for summary judgment had already been filed, movant had not had the opportunity to depose the witnesses, and allowing the evidence would almost certainly require a continuance of trial to allow movant to depose the witnesses and potentially find rebuttal evidence, all requiring additional expense to the movant). Likewise, this Court finds Rollstock's argument that its failure to timely disclose its intent to use Mr. Sawyers and Mr. Bauer as witnesses was harmless is without merit.

### III. Fashioning a Sanction – Considerations

Given the severity of excluding evidence and the Eighth Circuit's admonishment to use the sanction sparingly, *Gruttemeyer*, 31 F.4th at 645, the Court will consider the factors supplied by the Eighth Circuit limiting this Court's discretion in fashioning an appropriate sanction for Rollstock's failure to timely disclose Mr. Sawyers and Mr. Bauer as witnesses. *Zick*, 47 F.4th at 677.

#### A. Reason for Noncompliance

As noted above, Rollstock has not offered a reason for noncompliance, instead insisting that its disclosures were compliant with the deadline for witness lists for trial set forth in the Scheduling Order as amended. This factor weighs in favor of exclusion.

#### B. Surprise and Prejudice to the Opposing Party

Because the subject witnesses were mentioned more than once in discovery, this factor weighs slightly in favor of a sanction that is something less than exclusion.

6

## C. Extent to which Allowing the Testimony would Disrupt the Order and Efficiency of the Trial

Here, as in *Vanderberg*, a motion for summary judgment has already been filed, and SupplyOne has not had the opportunity to depose the subject witnesses. Thus, allowing the evidence would almost certainly delay the summary judgment proceedings and require a continuance of trial to allow SupplyOne to depose the witnesses and find potential rebuttal evidence, all requiring additional expense to SupplyOne. This factor weighs in favor of excluding the use of Mr. Sawyers and Mr. Bauer as witnesses.

## D. Importance of the Testimony

This factor weighs somewhat in favor of a sanction that is something less than exclusion. According to Rollstock's disclosure, Mr. Sawyers may have information regarding the machine, the performance of and efforts to repair the machine, and other relevant information. According to Rollstock's disclosure, Mr. Bauer is responsible for overseeing Rollstock's operations and was involved in various aspects of negotiating the terms of Rollstock's sale of the machine to SupplyOne and efforts to assure the machine's performance and discussions with SupplyOne regarding ALL's claims against SupplyOne.

## E. Rollstock Did Not Seek a Lesser Sanction

The Court notes that Rollstock "did not avail [it]self of the opportunity to seek a lesser sanction [than exclusion]." *Vanderberg*, 906 F.3d at 705. "The text of Rule 37(c)(1) provides that where a party violates the disclosure requirements in Rule 26(a), an alternative sanction to exclusion may be imposed by the court 'on motion [by the violating party].' [Rollstock] did not make a motion or even argue for a lesser sanction" in its briefing on SupplyOne's motion to exclude. *Id*. "[I]t is the obligation of the party facing sanctions for belated disclosure [or nondisclosure] to show that its failure to comply with the Rule was . . . deserving of some lesser sanction." *Id.*

## Conclusion

Accordingly, and after careful consideration of the record and the relevant factors, Defendant's motion to exclude the testimony of Erik Bauer and Neal Sawyers (Doc. 62) is **GRANTED in part and DENIED in part:**

> (1) the motion to exclude is **GRANTED** as to use of the testimony of Erik Bauer and Neal Sawyers in the Court's ruling on the motion for summary judgment,

7

(2) the motion is **DENIED** as to the use of Erik Bauer and Neal Sawyers as witnesses at trial,

(3) discovery is reopened for the limited purpose of allowing depositions of Erik Bauer and Neal Sawyers, if desired, to be completed by Friday, December 23, 2022, and

(4) the deadline for amending deposition designations and for proposed witness lists as to Erik Bauer and Neal Sawyers only is extended to one week after any depositions of Erik Bauer and Neal Sawyers are completed.

**IT IS SO ORDERED.**

                                        s/ Roseann A. Ketchmark
                                        ROSEANN A. KETCHMARK, JUDGE
                                        UNITED STATES DISTRICT COURT

DATED: November 28, 2022